IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE: Bishop, et al.
_____

| | | |
|---|---|---|
| Romie David Bishop, et al., | : | |
| | : | |
| Appellants | : | C. A. No. 13-958 |
| | : | |
| | : | Bankruptcy Case No. 11-12338 BLS |
| | : | AP No. 13-46 |

## RECOMMENDATION

At Wilmington this **4th** day of **June, 2013**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, Magistrate Judge Thynge reviewed the documents filed on this court's docket regarding an appeal of two orders from Bankruptcy Court entered April 19, and May 10, 2013 to determine the appropriateness of mediation in this matter. The appeal was docketed on May 30, 2013. Attached was a designation of the record on appeal by appellants which essentially requests the entire docket of the Bankruptcy Court be included. Appellants also filed a motion based on excusable neglect due to a death in the family addressing any late filing of the appeal.

WHEREAS, as a result of the above screening process, the orders address issues that are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process. The order of April 19, 2013 is to strike a "Notice of Appeal" relating to a memorandum opinion dated March 4, 2013 by the Superior Court of the

State of Delaware in the matter of *Citimortgage, Inc v. Romie D. Bishop and Shirley A. Bishop*, C.A. No. 09L-07-313-CLS, which was issued after a three day bench trial before Judge Calvin L. Scott of the Superior Court and resolved certain foreclosure litigation in favor of Citimortgage and against appellants.[1]  The Bankruptcy Court found that it lacked authority to review the Superior Court decision, and further determined any appellate review rests with the Supreme Court of Delaware.  It thus found the notice of appeal defective on is face and ordered it stricken.  Regarding the order denying the motion to amend findings entered May 10, 2013, it dealt with appellants motion to amend the order of April 19, 2013 and similarly addressed the attempted appeal from Superior Court to Bankruptcy Court.  Both matters deal with purely legal issues and the jurisdiction of the Bankruptcy Court.

      THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  The parties are advised they may file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

                              /s/ Mary Pat Thynge
                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Bankruptcy Court had previously modified the automatic stay to permit the Superioir Court litigation to proceed.